```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JEAN COLEMAN, et al,           :    CIVIL ACTION
                               :    NO. 09-4179
          Plaintiffs,          :
                               :
     v.                        :
                               :
POTTSTOWN SCHOOL DISTRICT,     :
                               :
          Defendant.           :
```

## O R D E R

**AND NOW**, this **8th** day of **February, 2010**, it is hereby **ORDERED** that Defendant's Motion to Dismiss (doc. no. 7) is **DENIED**.

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Office of Dispute Resolution to hold a hearing in a manner consistent with this Order.[1]

---

[1] Before the Court is a complaint filed by Plaintiffs Jean and David Coleman, as guardians ("Colemans"), and Rodney Jones, as a disabled student ("R.J."), (collectively, "Plaintiffs"), appealing an administrative order dated June 18, 2009, denying their claims for tuition reimbursement under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1419 ("IDEA").

On September 15, 2009, Plaintiffs filed the instant complaint against the Pottstown School District ("Defendant"), alleging that the school district failed to comply with requirements to provide a student with disabilities an appropriate education in the least restrictive environment to meet his needs. Plaintiffs seek tuition reimbursement and compensatory education or, in the alternative, remand to the administrate hearing officer for a full hearing.

As an initial matter, the Colemans and R.J. have proper standing in federal court as "any party aggrieved" is granted the right bring "a civil action." Winkelman v. Panama City Sch. Dist., 550 U.S. 516, 524 (2007) (finding that "any party aggrieved by the findings and decision rendered in such a[n

administrative] hearing may appeal such findings and decision' to the state educational agency. § 1415(g)(1).").

The preliminary issue is whether the Colemans and R.J., respectively, have standing to pursue their tuition reimbursement claims in state court.

The Court concludes that by dismissing Plaintiffs for lack of standing as non-biological / non-adoptive "parents" under IDEA, the hearing officer in the state administrative proceedings reached an erroneous legal conclusion. See Pls.' Compl. Ex. 2, Hr'g Officer Correspondence No. 3 (finding that "since under IDEA the question of whether a person meets the definitional criteria of 'parent' is a matter of state law, and since the Colemans' status as 'parents' is based on a Maryland Court Order, Maryland law must be applied in determining their rights.")

The Court reaches this conclusion by applying federal law ("IDEA"), as well as Maryland and Pennsylvania law, respectively. There are five issues in this case: (a) whether the Colemans have standing to seek reimbursement of expenditures made on behalf of R.J. until the time he turned 18; (b) whether the Colemans have standing to seek reimbursement, or other relief, for expenditures made on behalf of R.J. after he turned 18 and until the age of 21; (c) whether the Colemans have standing to seek reimbursement for monies spent by Michael Coleman on behalf of R.J.; (d) whether Michael Coleman has standing to seek reimbursement of monies spent by him on behalf of R.J.; and (e) whether R.J. has standing to commence this action on his own behalf.

**(A) Do the Colemans have standing to seek reimbursement of expenditures made on behalf of R.J. until the time he turned 18?**

Under federal law, "parents," as defined by IDEA, have standing to assert violations of any matter relating to their child's receipt of free appropriate public education ("FAPE"). 20 U.S.C. § 1415(i)(2); see also § 1415(g)(1) (stating that after completion of the administrative process, "any party aggrieved by the findings and decision . . . shall have the right to bring a civil action with respect to the complaint.").

A "parent" is defined by section 300.30(a) for purposes of IDEA, in relevant part, as:

> . . . (3) A guardian generally authorized to act as the child's parent, or authorized to make educational

-2-

    decisions for the child (but not the State if the child is a ward of the State) . . .

34 CFR § 300.30(a).

Further, in determining how to adjudge "biological or adoptive parents" who bring claims, section 300.30(b) states, in pertinent part, that:

> (2) If a judicial decree or order identifies a specific person or persons under paragraphs (a)(1) through (4) of this section to act as the "parent" of a child or to make educational decisions on behalf of a child, then such person or persons shall be determined to be the "parent" for purposes of this section.

34 CFR § 300.30(b)(1); 21 U.S.C. § 1402(23).

On July 5, 2006, Maryland state court granted the Colemans "sole physical and legal custody" of R.J. until the age of 18. Id.  Under Maryland law, pursuant to its authority, a grant of "sole physical and legal custody" authorized the Colemans to make educational decisions for the child. See Taylor v. Taylor, 508 A.2d 964, 966 (Md. 1986) (stating that "[l]egal custody carries with it the right and obligation to make long-range decisions involving education, religious training, discipline, medical care, and other matters of major significance concerning the child's life and welfare.").

Accordingly, since the Colemans, as guardians, were authorized after September 5, 2006 and until R.J. turned 18 to make education decisions for R.J., they have standing.

**(B)  Do the Colemans have standing to seek reimbursement, or other relief, for expenditures made on behalf of R.J. after R.J. turned 18 and until the age of 21?**

Under federal law, a "parent" is also defined by IDEA as "an individual acting in the place of a biological or adoptive parent (including a grandparent, stepparent, or other relative) with whom the child lives, or an individual who is legally responsible for the child's welfare . . ." 34 CFR § 300.30(a)(4).

Under Pennsylvania law, parents have rights to made educational decision until the child turns 21. See 21 U.S.C. § 1412(a)(1)(A) ("[E]very disabled child will be provided with a free appropriate public education, by the State, between the ages

---

of 3 and 21."); see also Walker v. Johnson, 891 F. Supp. 1040, 1051 (E.D. Pa. 1995) (citing 42 Pa. Cons. Stat. Ann. § 6357) ("Section 6357 of the Pennsylvania Juvenile Act provides that: A custodian to whom legal custody has been given . . . has the right to . . . provide for the care, protection, training, and education . . ."); accord Bernardsville Bd. of Educ. v. J.H., 42 F.3d 149 (3d Cir. 1994) (concluding that parents of a disabled child placed in a private school could seek tuition reimbursement for private education if the school district had failed to provide the child with FAPE).

Accordingly, since the Colemans aver that R.J. lived with them in Pennsylvania after his 18th birthday and that they acted in the place of biological or adoptive parents, and/or as individuals legally responsible for R.J.'s welfare, they have standing to bring this action and seek reimbursement from the time R.J. turned 18 and until the age of 21.

**(C) Do the Colemans have standing to seek reimbursement for monies spent by Michael Coleman on behalf of R.J.?**

Under 34 CFR § 300.30(a)(3) and (4), if monies were spent by Michael to discharge the Colemans' obligations and such monies are owed by the Colemans to Michael, they have standing to seek reimbursement of the money spent by Michael Coleman on behalf of R.J.

**(D) Does Michael Coleman have standing to seek reimbursement of monies spent by him on behalf of R.J.?**

The hearing officer dismissed Michael Coleman's (son of the Colemans) claims on behalf of R.J. as his assignee. See Pls.' Compl. Ex. 2, Hr'g Officer Correspondence No. 3 ("[I]n the present case, Michael Coleman, even if he could produce an assignment of rights, is barred from asserting the Student's rights under IDEA."). As Michael Coleman is not a party to the instant complaint and his dismissal has not been appealed, Michael Coleman has no standing to seek reimbursement in this case.

**(E) Does R.J. have standing to commence this action on his own behalf?**

Under § 1412(a)(1)(A), R.J. has standing to commence an action as a "party aggrieved" by the alleged denial of FAPE by Defendant. See Winkelman, 550 U.S. at 536 (holding that "parties aggrieved" under the IDEA . . . [are] entitled to sue on their

---

own behalf.)

To meet IDEA requirements, a school district must provide FAPE, which "consists of educational instruction specifically designed to meet the unique needs of the handicapped child, supported by such services as are necessary to permit the child to 'benefit' from the instruction." See Laura P. v. Haverford Sch. Dist., 2008 U.S. Dist. LEXIS 96190, at *33 (E.D. Pa. 2008).

To prove the denial of FAPE claims alleged in the Amended Due Process Notice under IDEA, R.J. must demonstrate that he is a disabled student, who was, in fact, denied FAPE. See Laura P., 2008 U.S. Dist. LEXIS 96190 at *34 ("A child is denied FAPE when her IEP fails to confer some, or more than a de minimis, educational benefit . . . . If a school district knows or should know a child has an inappropriate IEP, or is not receiving more than a de minimis educational benefit, but fails to correct the situation, a disabled child is entitled to compensatory education for a period equal to the period of deprivation, excluding the time reasonably required for the school district to rectify the problem.") (internal citations omitted).

Therefore, the Court finds that the Colemans have standing to seek reimbursement of expenditures made on behalf of R.J. until the time he turned 18; the Colemans have standing to seek reimbursement, or other relief, for expenditures made on behalf of R.J. after he turned 18 and until the age of 21; the Colemans have standing to seek reimbursement for monies spent by Michael Coleman on behalf of R.J., if owed by the Colemans to Michael; and R.J. has standing to commence this action on his own behalf.

**AND IT IS SO ORDERED.**

　　　　　　　　　　__s/ Eduardo C. Robreno__
　　　　　　　　　**EDUARDO C. ROBRENO, J.**